IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00340-MR-WCM

| | |
|---|---|
| CHRISTOPHER PERKINS, ) ) Plaintiff, ) ) v. ) ) COMMISSIONER OF THE SOCIAL ) SECURITY ADMINISTRATION, ) ) Defendant. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 12, 15), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.  Procedural Background

In September of 2014, Plaintiff Christopher Perkins ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning June 15, 2014. Transcript of the Administrative Record ("AR") 249-255.

On July 16, 2018, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 10-35; see also AR 2052-2077 (duplicate of July 16, 2018 decision). Plaintiff appealed, and the matter was remanded to the Commissioner for further consideration. AR 2084-2096; 2097-2100.

1

On April 6, 2020, following a second administrative hearing at which Plaintiff appeared and testified, the same ALJ issued another unfavorable decision. AR 1994-2022. The April 6, 2020 decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "PTSD, alcohol abuse, left knee patellofemoral syndrome, asthma, obesity with secondary obstructive sleep apnea." AR 1999. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that through the last date on which Plaintiff was insured,[1] he had the residual functional capacity ("RFC"):

> to perform the full range of light work…except he was not to climb ladders, ropes or scaffolds. Furthermore, as to other postural limitations, he was limited to occasional. He was to have had no concentrated exposure to hazards such as heights or moving machinery and no concentrated exposure to extreme temperatures or respiratory irritants such as gases, fumes, or chemicals. He was to have no concentrated exposure to loud noises. He was able to maintain concentration for two-hour intervals to perform two-three-step tasks with occasional decision making and occasional changes to the work duties. He was to have no requirement to interact with the general public necessary to perform work duties and no tandem work necessary to perform work duties.

---

[1] The last date on which Plaintiff was insured for purposes of disability insurance benefits was March 31, 2017. AR 1999.

AR 2002-2003.

Applying this RFC, the ALJ found that, from the alleged disability onset date through the date Plaintiff was last insured, Plaintiff had the ability to perform certain jobs that existed in significant numbers in the national economy such that Plaintiff was not disabled. AR 2014-2016.

### III.  Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to justify her decision not to afford substantial weight to a disability decision issued by the Veterans Administration ("VA") (AR 114-126). Additionally, Plaintiff contends that remand is appropriate because the ALJ failed to conduct a function-by-function analysis of his nonexertional limitations.[2]

### IV.  Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental

---

[2] Plaintiff also raised these allegations of error previously when he appealed the ALJ's July 16, 2018 decision. The case was remanded based on "Plaintiff's alleged error regarding Plaintiff's RFC and the reasoning level of identified jobs," but the court also stated that while it was "not convinced Plaintiff's other alleged errors would support remand, it may be helpful for an ALJ to consider Plaintiff's other arguments and add further clarification in her/his decision as to those issues." AR 2095; Christopher Perkins v. Berryhill, United States District Court, Western District of North Carolina, No. 3:18-cv-00598-DCK, Doc. 12. A comparison of the ALJ's July 16, 2018 decision and her April 6, 2020 decision indicates that the ALJ did include some additional discussion regarding these issues following remand, though the focus of the ALJ's April 6 decision was the reasoning level issue. See AR 2000 ("the limited issue on Appeal is the reasoning level….").

impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905; see also 20 C.F.R. § 404.350(a)(5) (child benefits). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the

4

correct application of the law. Id.

V. Discussion

A. Decision of the VA

In making the disability determination in this matter, the ALJ was required to consider all relevant record evidence, including disability decisions rendered by other agencies. SSR 06-03p, 2006 WL 2329939.[3] The Fourth Circuit held in Bird v. Commissioner of Social Sec, Admin. that, generally, "the [Commissioner] must give substantial weight to a VA disability rating" in making a disability determination, though "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." 699 F.3d 377, 343 (4th Cir. 2012). "[I]n order to demonstrate that it is appropriate to accord less than substantial weight to [a VA decision], an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record." Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018); see also Kiser v. Saul, 821 Fed. Appx. 211, 215 (4th Cir. 2020) (unpubl.) (same).

"For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence

---

[3] For claims filed on or after March 27, 2017, the Commissioner will not analyze a disability decision made by another agency. 2017 WL 1105348. Plaintiff filed his application prior to March 27, 2017.

5

more credible, and discuss the effect of any new evidence made available after" the prior agency decision. Woods, 888 F.3d at 692. Without such an explanation by the ALJ, a reviewing court "cannot engage in meaningful review." Id. at 693.

Here, the VA determined that, effective December 1, 2016, Plaintiff was 100% disabled. See AR 1966 (July 12, 2017 correspondence certifying Plaintiff was receiving service-connected disability compensation). A September 17, 2016 decision from the VA set forth Plaintiff's various conditions and assigned specific disability percentages for each. AR 114-126. With respect to Plaintiff's PTSD, the VA assigned a 70% disability rating based on, among other things,

> Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood…. Difficulty in adapting to stressful circumstances…. Difficulty in adapting to work. Inability to establish and maintain effective relationships…. Difficulty in adapting to a worklike setting…

AR 116.

The ALJ did not specifically cite to or discuss the findings set out in the VA's September 17 decision, and instead only cited the July 12 correspondence certifying that Plaintiff was receiving service-connected disability compensation. See AR 2013.

In assigning "little weight" to the VA decision, the ALJ explained that the VA "has a different definition for disability than the Social Security

Administration." AR 2013. Additionally, the ALJ stated that "[a]lthough the Court in Bird held that the Department of Veterans Affairs disability rating must be accorded substantial weight in Social Security Disability proceedings," "less weight may be given when the record, as in this case, clearly demonstrates that such a deviation is appropriate, for reasons discussed throughout this decision." Id.

Respectfully, however, merely stating that the VA's disability decision was based on different standards does "not amount to persuasive or specific reasons justifying a decision to give less than substantial weight to the finding." See Woods, 888 F.3d at 693; see also Wilson v. Saul, No. 3:18-cv-00455-MR, 2019 WL 4727911, at *5 (W.D.N.C. Sept. 26, 2019) ("The general statement that the VA and SSA disability determinations may differ in theory and therefore are of limited relevance, is simply not sufficient"); Jenkins v. Berryhill, No. 1:18-cv-00050-MR, 2019 WL 1317730 at *5 (W.D.N.C. March 22, 2019) ("For the ALJ to enumerate all the ways that VA and SSA disability determinations may differ in theory is simply not sufficient").

Further, although the ALJ stated that the record "clearly demonstrated" that deviation from the VA's decision was appropriate, the ALJ did not specifically identify the records on which that conclusion was based. See Wilson, 2019 WL 4727911, at *5 (ALJ's statements regarding Plaintiff's conservative treatment, mild physical examinations, and reported

7

improvements, which were unsupported by any citation, were insufficient to "clearly demonstrate" deviation from the requirement that the VA decision be afforded substantial weight); Dixon v. Berryhill, No. 3:16-CV-254-MR, 2017 WL 4248812, at *8 (W.D.N.C. Sept. 25, 2017) ("the ALJ set forth no analysis to support the conclusory finding of inconsistency of the VA rating with other evidence of record. The Court cannot be left to guess regarding the basis of the ALJ's conclusions on this issue"); Northen v. Colvin, No. 1:15CV445, 2016 WL 5956636, at *4 (M.D.N.C. Oct. 12, 2016) (remanding where the ALJ "summarily dismissed the VA's conclusion that Plaintiff is 100% disabled without either parsing that conclusion into its component findings or considering the rationale behind those findings").

In sum, the ALJ's failure to explain her consideration of the VA decision more fully does not allow for meaningful review, and therefore the undersigned will recommend remand on this basis.

### B. Function by Function Analysis

Plaintiff contends that because the ALJ did not conduct a function-by-function analysis of his mental limitations, she failed to consider his social limitations and ability to interact with others adequately. Doc. 13 at 9-16.

When developing Plaintiff's RFC, the ALJ assigned "significant weight" to the opinion of Dr. Margaret Barham, a state agency psychological consultant. AR 2012 (citing AR 95-97). Dr. Barham determined that Plaintiff

8

was moderately limited in his ability to interact appropriately with the general public, his ability to accept instructions and respond appropriately to criticism from supervisors, and his ability to get along with coworkers. AR 96-97. She concluded that Plaintiff was "capable of interacting w/others in a low-stress work setting." AR 97.[4]

Plaintiff's RFC limited him to work that does not require interaction with the general public and "no tandem work." AR 2003. No limitation was included regarding the need for a low-stress work setting, and the ALJ did not discuss Dr. Barham's opinion in this regard.

An ALJ "may satisfy the function-by-function analysis requirement by referencing a properly conducted analysis of state agency consultants." Herren v. Colvin, 1:15-cv-2-MOC, 2015 WL 5725903, at *5 (W.D.N.C. Sept. 30, 2015) (collecting cases); see also SSR 96-6p, 1996 WL 374180, at * 2 (July 2, 1996) (state agency consultants "are highly qualified ... physicians and psychologists who are experts in the evaluation of medical issues in disability claims...."); Stamey v. Berryhill, No. 1:18-cv-00062-FDW-DSC, 2019 WL 937331, at *3 (W.D.N.C. Feb. 26, 2019) ("an ALJ may satisfy the function-by-function

---

[4] Similarly, Dr. Gregory Villarosa, a consultative examiner, conducted a mental status examination of Plaintiff and concluded that Plaintiff "would likely have significant problems dealing with the stress and pressures associated with day-to-day work activity." AR 1087. The ALJ discussed Dr. Villarosa's findings, but she did not state how she weighed those findings. See AR 2008-2013.

9

requirement by referencing a properly conducted function-by-function analysis of state agency consultants") (citing Settlemyre v. Colvin, No. 5:14–cv–00199–MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-cv-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015)).

Here, however, it appears that although the ALJ assigned "significant weight" to Dr. Barham's opinion, the ALJ did not adopt all of Dr. Barham's findings with respect to Plaintiff's social limitations and did not otherwise explain why such limitations were unnecessary. See Phillips v. Saul, No. 3:19 CV 167 MR WCM, 2020 WL 3066643 at *5 (W.D.N.C. April 27, 2020), ("While the ALJ was entitled to rely on the function-by-function assessment provided by the state agency consultants, the ALJ failed to explain which functional limitations assigned by the agency consultants were not restrictive enough based on specific objective medical evidence…. The ALJ is required to build a logical bridge from the evidence of record to his conclusion").

Accordingly, the undersigned additionally recommends the case be remanded on this basis.

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 12) be **GRANTED**, and that the Commissioner's Motion for Summary Judgment (Doc. 15) be **DENIED.**

Signed: October 15, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).