THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00340-MR-WCM

| | |
|---|---|
| CHRISTOPHER PERKINS, ) ) Plaintiff, ) ) vs. ) ) MARTIN O'MALLEY, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before this Court on the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 24].

## I. PROCEDURAL BACKGROUND

On June 18, 2020, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. On October 15, 2021, the Honorable W. Carleton Metcalf, United States Magistrate Judge, entered a Memorandum and Recommendation ("M&R") regarding the parties' cross-motions for summary judgment. [See Doc. 17]. Thereafter, on November 2, 2021, this Court entered an Order accepting Judge Metcalf's M&R, thereby reversing the Commissioner's decision denying the Plaintiff's application for

benefits and remanding the case to the Appeals Council for further administrative action. [Docs. 18; 19]. On February 8, 2022, this Court awarded the Plaintiff attorney's fees in the amount of $6,900.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").[1] [Doc. 23].

On January 15, 2024, the Commissioner issued a Notice of Award to the Plaintiff explaining his past due benefits and stating that $32,379.00, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to pay any award of attorney's fees. [Doc. 24-1 at 3-4]. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 24-7].

The Plaintiff's counsel now seeks an award of $32,379.00 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 24].

---

[1] The United States Department of the Treasury, Bureau of the Fiscal Service (the "BFS") applied the entire $6,900.00 award of fees that the Plaintiff received pursuant to the EAJA to his delinquent child support. [Doc. 24-2]. Additionally, the Plaintiff's matter was remanded to the Appeals Council for further consideration once before. [See Doc. 24-4]. As a result of this earlier proceeding, the Plaintiff was awarded $6,200.00 in attorney's fees pursuant to the EAJA. However, the BFS applied $347.57 of the Plaintiff's earlier award to an existing tax debt and the remaining $5,852.43 to his delinquent child support. [Id.]. Thus, the Plaintiff's counsel has not received any of the fees awarded to the Plaintiff pursuant to the EAJA.

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the

3

claimant receives 100 percent of the past-due benefits." Stephens *ex rel.* R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay to counsel 25% of any past due benefits awarded. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

This Court concludes that the services rendered by the Plaintiff's counsel in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Plaintiff's Motion for Attorney's Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 24] is hereby **GRANTED**, and an award of attorney's fees in the amount of Thirty-

4

Two Thousand Three Hundred Seventy-Nine Dollars ($32,379.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: March 29, 2024

Martin Reidinger
Chief United States District Judge